```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| **RHAKIM MARTIN,** | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17-cv-02432-SHM |
| **CITY OF MEMPHIS/SHELBY COUNTY &** | ) |
| **CRIMINAL COURT, ET AL.,** | ) |
| Defendants. | ) |

## ORDER

On June 21, 2017, Plaintiff Rhakim Martin filed this action under 42 U.S.C. § 1983. On August 8, 2017, Plaintiff filed a Motion for Leave to File an Amended Complaint ("Motion to Amend I"). (ECF No. 10.) On August 15, 2017, he filed a Second Motion for Leave to File an Amended Complaint ("Second Motion to Amend"). (ECF No. 11.) On October 19, 2017, he again filed a Motion for Leave to File an Amended Complaint ("Motion to Amend II"). (ECF No. 14.) Because Plaintiff is proceeding *in forma pauperis*, his complaint must be screened pursuant to 28 U.S.C. § 1915 ("Section 1915").

For the following reasons, Plaintiff's complaint is DISMISSED. The Motion to Amend I, Second Motion to Amend, and Motion to Amend II are DENIED AS FUTILE.

**I.   BACKGROUND**

Plaintiff, a state prisoner, seeks relief under § 1983 against the City of Memphis/Shelby County & Criminal Court and twenty-eight individual Defendants: (1) Mary Thomas, in her individual capacity as 4th Grand Jury Member; (2) Amy Weirich, in her individual capacity as District Attorney General; (3) Paul Guibao, in his individual capacity as Trial Attorney; (4) Alexia Crump, in her individual capacity as Assistant District Attorney; (5) Chris Craft, in his individual capacity as Judge Division 8; (6) P. Gooch, in his official capacity and in his individual capacity as Detective; (7) B. Beasley, in his/her official capacity and in his/her individual capacity as Detective; (8) M. Spearman, in his/her individual capacity as Detective; (9) Lance Chism, in his individual capacity as Appeal Lawyer; (10) Robert Cooper, Jr., in his individual capacity as Attorney General and Lawyer; (11) Deshea Dalany Faughn, in her individual capacity as Senior Counsel; (12) A. Hudson, in his/her official capacity as Arresting Officer; (13) J. Schmedes, in his/her official capacity as Arresting Officer; (14) J. Hampton, in his/her official capacity as Arresting Officer; (15) D. Rodgers, in his/her official capacity as Arresting Officer; (16) Thomas Woodall, in his individual capacity as Appellate Judge; (17) Alan Glenn, in his individual capacity as Appellate Judge; (18) Herbert Slatery, III, in his capacity as Attorney General & Re-

porter;[1] (19) Andree Blumstein, in her individual capacity as Solicitor General; (20) John Bledsoe, in his individual capacity as Senior Counsel; (21) Holly Kirby, in her individual capacity as Supreme Court Judge; (22) Jeffrey Bivins, in his individual capacity as Supreme Court Judge; (23) Cornelia Clark, in her individual capacity as Supreme Court Judge; (24) Sharon Lee, in her individual capacity as Supreme Court Judge; (25) Bill Haslam, in his individual capacity as Governor; (26) Christie Currie, in her individual capacity; (27) Smiller Johnson in his individual capacity as Commissioner, and (28) John Marshall, in his individual capacity as Commissioner. (ECF No. 1 at 5-11.)[2]

Plaintiff alleges[3] that:

- Defendant Mary Thomas served as a juror in Plaintiff's case without being properly sworn;

---

[1] Plaintiff's Complaint does not state whether Slatery is being sued in his official or his individual capacity.

[2] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

[3] Plaintiff has filed a 48-page complaint with an additional 54 pages of "addenda." The complaint is handwritten. Portions of it are illegible and difficult to follow. The Court construes the complaint liberally and sets forth Plaintiff's allegations against each Defendant to the best of its ability. To the extent the Court has not addressed allegations, Plaintiff has not presented sufficient factual support or spoken with sufficient clarity for the Court to understand and evaluate those allegations.

- Defendant Amy Weirich allowed Defendant Mary Thomas to serve as a juror in Plaintiff's case without being properly sworn;

- Defendant Paul Guibao provided ineffective assistance of counsel during Plaintiff's trial;

- Defendant Alexia Crump falsely arrested and falsely imprisoned Plaintiff when she wrongfully prosecuted him and improperly failed to sign the Charging Authorization against Plaintiff;

- Defendant Chris Craft wrongfully found Plaintiff guilty on the charges against him at trial;

- Defendant P. Gooch falsely arrested and falsely imprisoned Plaintiff when Gooch arrested Plaintiff for carjacking and employing a firearm during a felony, and helped Defendant Christie Currie provide a false identification of Plaintiff in a photo lineup;

- Defendant B. Beasley committed false arrest and false imprisonment when he/she arrested Plaintiff for carjacking and employing a firearm during a felony;

- Defendant M. Spearman conspired to falsely arrest Plaintiff for carjacking and employing a firearm during a felony;

- Defendant Lance Chism provided ineffective assistance of counsel during Plaintiff's appeal;
- Defendant Robert Cooper, Jr. retaliated and conspired against Plaintiff;
- Defendant Deshea Dalany Faughn retaliated and conspired against Plaintiff;
- Defendants A. Hudson, J. Schmedes, J. Hampton, and D. Rodgers falsely arrested and falsely imprisoned Plaintiff when they arrested him for carjacking and employing a firearm during a felony;
- Defendants Alan Glenn and Thomas Woodall violated T.C.A., § 16-5-107 when they sat on a panel of two (rather than three) judges who heard Plaintiff's appeal;
- Defendants Herbert Slatery, III and Andree Blumstein violated T.C.A., § 16-5-107 on a theory of supervisory liability;
- Defendant John Bledsoe conspired against Plaintiff;
- Defendants Holly Kirby, Jeffrey Bivins, Cornelia Clark, and Sharon Lee retaliated and conspired against Plaintiff;
- Defendant Bill Haslam is liable for Plaintiff's false arrest and false imprisonment on a theory of supervisory liability;

5

- Defendant Christie Currie provided a false identification of Plaintiff in a photo lineup;
- Defendant Smiller Johnson improperly signed the Affidavit of Complaint and Arrest Warrant; and
- Defendant John Marshall improperly signed the Affidavit of Complaint and Arrest Warrant instead of the General Sessions Judge.

(Id. at 12-38.)

On June 21, 2017, Plaintiff also applied to proceed *in forma pauperis*. (ECF No. 2.) On June 26, 2017, the Court granted Plaintiff's application. (ECF No. 3.)

On August 9, 2017, Plaintiff filed the Motion to Amend I. (ECF No. 10.) The Motion to Amend I seeks to add Eric Mogy, Plaintiff's attorney, as a defendant. (Id. at 206-07.) On August 15, 2017, Plaintiff filed the Second Motion to Amend. (ECF No. 11.) The Second Motion to Amend seeks to add an exhibit to the complaint. (ECF No. 11 at 212-13.) On October 19, 2017, Plaintiff filed the Motion to Amend II. (ECF No. 14.) The Motion to Amend II repeats the claims in the Motion to Amend I and seeks to add Mogy as a defendant. (Id. at 207.)

## II. STANDARD OF REVIEW

Section 1915 provides that in proceedings *in forma pauperis* the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the ac-

6

tion or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

When evaluating whether a complaint fails to state a claim on which relief may be granted, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. Wesley v. Campbell, 779 F.3d 421, 428 (6th Cir. 2015). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Z Technologies Corp. v. Lubrizol Corp., 753 F.3d 594, 597 (6th Cir. 2014). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." SFS Check, LLC v. First Bank of Delaware, 774 F.3d 351, 355 (6th Cir. 2014). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Keys v. Humana, Inc., 684 F.3d 605, 608 (6th Cir. 2012) (citing Twombly, 550 U.S. at 555.)

7

Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "This plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 679.

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to *pro se* litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (internal citations omitted). The basic pleading essentials are not abrogated in *pro se* cases. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." Barnett v. Luttrell, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting Ashcroft, 556 U.S. at 678) (internal quotations and emphasis omitted). District courts "have no obligation to act as counsel or paralegal" to pro se litigants. Pliler v. Ford, 542 U.S. 225, 231 (2004). District courts are not "required to create" a *pro se* litigant's claim for him. Payne v. Secretary of Treasury, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

**III. ANALYSIS**

Heck v. Humphrey, 512 U.S. 477 (1994), bars all of Plaintiff's claims. In Heck, the court held that a state prisoner's § 1983 claim is not cognizable when the resolution of that claim would call into question the validity of an outstanding criminal conviction or sentence. Id. at 486-87.

Heck instructs the Court to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Plaintiff asks that the "City [of] Memphis Shelby County & Criminal Court [be required to] release Him out of Confinement" and "remove [the] 16 year Sentence off his record." (ECF No. 1 at 40.) Plaintiff's § 1983 claims and his conviction arise from the same events. Plaintiff has not pled any facts other than

9

Defendants' actions that led to his conviction and sentence. Plaintiff's conviction and confinement have not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486–87. Heck bars his § 1983 claims.

Plaintiff also seeks monetary relief from each Defendant. (ECF No. 1 at 40-48.) Heck, as extended by Edwards v. Balisok, does not permit money damages based on allegations that necessarily imply the invalidity of a plaintiff's conviction or sentence. Edwards v. Balisok, 520 U.S. 641, 648 (1997). Here, Plaintiff alleges that he is entitled to monetary damages based on Defendants' actions leading to his arrest, trial, conviction, and appeal. (ECF No. 1 at 40-48.) Awarding monetary damages to Plaintiff would necessarily imply the invalidity of his conviction and sentence. Plaintiff's claims are DISMISSED.

Plaintiff's Motion to Amend I, Second Motion to Amend, and Motion to Amend II also attack the validity of his conviction and sentence. Plaintiff's Motion to Amend I and Motion to Amend II seek to add Eric Mogy, his attorney, as a defendant because Mogy "is not willing to deal with [] Plaintiff['s] post-conviction petition." (ECF No. 10 at 206; ECF No. 14 at 230.) Plaintiff's Second Motion to Amend seeks to add a copy of his indictment, which allegedly is missing a signature from Defend-

ant Amy Weirich, as an exhibit to his complaint. (ECF No. 11 at 212.) The claims in these Motions are not cognizable because Plaintiff's conviction and sentence have not been invalidated. Heck, 512 U.S. at 487. Plaintiff's Motion to Amend I, Second Motion to Amend, and Motion to Amend II are DENIED AS FUTILE.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's complaint is DISMISSED for failure to state a claim on which relief may be granted. Plaintiff's Motion to Amend I, Second Motion to Amend, and Motion to Amend II are DENIED AS FUTILE.

So ordered this 27th day of October, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE